UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., formerly known as Days Inn of America, Inc., a Delaware Corporation,<br><br>    Plaintiff,<br><br>-vs-<br><br>JBS INC. II, a South Carolina Corporation, JONATHAN B. SMITH, an individual, and MARCI SINGLETON SMITH, an individual,<br><br>    Defendants. | Civil Action No.: 4:08-1771-TLW-TER<br><br>**REPORT AND RECOMMENDATION** |

Presently before the Court are Plaintiff's Motions to Strike (Documents # 45, 49). In the first Motion, Plaintiff seeks only to strike the Answer of Defendant JBS, Inc., II and to enter default against JBS, Inc., II. In the second Motion, Plaintiff seeks to strike the Answer of and to enter default as to all Defendants.

On June 23, 2009, following a hearing on June 18, 2009, the undersigned entered an Order (Document # 42) granting counsel for Defendants' Motion to Withdraw as Counsel and granting Plaintiff's Motion to Compel. Defendants were given forty-five days from the date of the hearing to obtain new counsel. At both the hearing and in the Order the undersigned informed Defendants that, while the individual Defendants could represent themselves, they could not represent JBS, Inc., II nor could JBS, Inc., II represent itself. Also, Defendants were given fifty-five days from the date of the hearing to serve Responses to Plaintiff's Motion to Compel. To date, no Notice of Appearance has been filed on behalf of JBS, Inc., II. Further, Plaintiff asserts in its second Motion

to Strike that all Defendants have failed to respond to Plaintiff's discovery requests.

It is well-settled that a corporation may not represent itself. See Estate of Kerner v. United States, 895 F.2d 1159, 1162 & n. 3 (7th Cir. 1990), where the Court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" For example, it is well settled that a pro se litigant may not represent a minor in a civil action. See, e.g., Tse-Ming Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59, 60-61 (2nd Cir. 1990). "A non-attorney parent must be represented by counsel when bringing an action on behalf of a child." Knox ex rel. Chambers v. Hayward Unified School District, 1995 WL 364156 (N.D. Cal., June 1, 1995) (collecting cases). Similar case law applies to suits purportedly brought by individual pro se litigants on behalf of corporations, partnerships, unincorporated associations, or estates. See, e.g., First Hartford Corporation Pension Plan and Trust, 194 F.3d 1279, 1290 (Fed. Cir. 1999) (pro se actions by non-attorneys on behalf of corporations "fail for lack of standing"); and Pridgen v. Andresen, 113 F.3d 391, 392-93 (2nd Cir. 1997) (pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"), where the Court noted that such limits on pro se representation "serve the interests of the represented party as well as the interests of adversaries and the court." See also Batac Development Corp. v. B&R Consultants, Inc., 2000 WL 307400 (S.D.N.Y., March 23, 2000):

> It has uniformly been held by the Second Circuit and all of the other circuits that the provisions of 28 U.S.C. § 1654 prohibit a non-attorney individual from representing a corporation in the federal courts. See, e.g., Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir.1991) ( Section 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves . . . . Courts also have interpreted this section to preclude a corporation from appearing through a lay representative.") (citations and internal quotation marks omitted); Menaldi v. Group W Broadcasting, Inc., 182 F.3d 900, 1999 WL 486978 (2d Cir. July 9, 1999) (unpublished decision) ("Plaintiff Menaldi, as a pro se nonattorney, would not be

allowed to prosecute claims on behalf of the corporation.").

Under the weight of this authority, Batac quite plainly cannot represent the interests of the plaintiff in this Court, even though he is the corporation's sole shareholder. This consequence might puzzle Batac who undoubtedly believes that he can fairly and effectively advance the interests of his company in this litigation. But sound reasons exist for this rule. The interests of a corporation and its principal frequently overlap but are not identical in all respects. Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests. Moreover, the Second Circuit has explained that the reasons for requiring a corporate litigant to have legal representation include

> principally that the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities. . . .

Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22 (2d Cir.1983).

It follows from this rule that because Batac's motion was made not by counsel but by a layperson who cannot legally represent the plaintiff, I must disregard it as a nullity. See, e.g., Individual Securities, Ltd. v. Ross, 152 F.3d 918, 1998 WL 385835 (2d Cir. May 11, 1998) (unpublished decision) (dismissing appeal made by layperson on behalf of corporation); US JVC Corp. v. Caribbean Wholesales & Service Corp., No. 93 Civ. 4853, 1993 WL 307803 (S.D.N.Y. Aug. 10, 1993) (disregarding Rule 12(b)(6) motion made by layperson on behalf of corporation and treating defendant as technically in default); Simitar Ent., Inc. v. Silva Ent., Inc., 44 F.Supp.2d 986, 990 (D.Minn.1999) (treating pro se motion filed by corporate officer on behalf of corporation as "inoperative"). Accordingly, because the plaintiff is not currently represented by counsel and the motion was filed by a layperson, I may not even consider the motion and accordingly dismiss it.

Batac Development Corp. v. B&R Consultants, Inc., 2000 WL 307400 at *1-*2 (footnote omitted).

Accordingly, because JBS, Inc., II, has failed to retain counsel as instructed by the Court, it is recommended that its Answer be stricken and default be entered against JBS, Inc., II.

However, striking the Answer as to Defendants Jonathan B. Smith and Marci Singleton

Smith is not appropriate at this time. Thus, it is recommended that Plaintiff's Motion to Strike be denied as to these Defendants. A separate Order is being entered herewith allowing these Defendants additional time to serve discovery responses and warning them of the consequences for failing to do so.

In sum, it is recommended that Plaintiff's Motions to Strike (Documents # 45, 49) be granted in part and denied in part as set forth above, that Defendants' Answer be stricken only as to JBS, Inc., II, and that default be entered only as to JBS, Inc., II.

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

January 20, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**