UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., formerly known as Days Inn of America, Inc., a Delaware Corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>JBS INC. II, a South Carolina Corporation, JONATHAN B. SMITH, an individual, and MARCI SINGLETON SMITH, an individual,<br><br>Defendants. | Civil Action No.: 4:08-1771-TLW-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Presently before the Court is Plaintiff's second Motion to Strike (Document # 55). In this Motion, Plaintiff asks that Defendants Jonathan B. Smith's and Marci Singleton Smith's (the individual Defendants) Answer be stricken and that an Entry of Default be made as to them. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive Motion, this Report and Recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

On June 23, 2009, following a hearing on June 18, 2009, the undersigned entered an Order (Document # 42) granting counsel for Defendants' Motion to Withdraw as Counsel and granting Plaintiff's Motion to Compel. Defendants were given forty-five days from the date of the hearing to obtain new counsel. At both the hearing and in the Order the undersigned informed Defendants

that, while the individual Defendants could represent themselves, they could not represent JBS, Inc., II nor could JBS, Inc., II represent itself. Also, Defendants were given fifty-five days from the date of the hearing to serve Responses to Plaintiff's Motion to Compel. No Notice of Appearance was filed on behalf of JBS, Inc., II. Plaintiff filed two Motions to Strike, asking the court to strike the Answer of and enter default as to all Defendants for JBS, Inc., II's failure to obtain counsel and for the individual Defendants' failure to respond to discovery requests as ordered by the court.

On January 20, 2010, the undersigned entered a Report and Recommendation (Document # 53) recommending that Plaintiff's Motions be granted as to JBS, Inc., II and denied as to the individual Defendants. The district judge adopted the Report and Recommendation. Along with the Report and Recommendation, the undersigned entered an Order (Document # 52) directing the individual Defendants to serve their discovery responses and to file an affidavit with the court verifying that they had done so within ten days of the date of the Order. The Order warned that "failure to timely serve discovery responses may result in a recommendation that the Answer of the individual Defendants be stricken and default be entered against them." No affidavit was filed by the individual Defendants and Plaintiff filed the present Motion to Strike the individual Defendants' Answer and to enter default against them.

### III. DISCUSSION

Under Rule 37(b), Fed.R.Civ.P., the Court has authority to sanction a party, including striking pleadings, for failure to comply with a discovery order. To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001).

Because the individual Defendants have failed to respond to Plaintiff's discovery requests on three occasions–first, when the discovery requests were first served on them, second, in violation of the court's June 23, 2009, Order directing them to respond, and third, in violation of the court's January 20, 2010, Order again directing them to respond–the undersigned can conclude only that their failure to do so is in bad faith. Plaintiff has been unable to litigate this case and, thus, has been prejudiced by their failure to respond. Of course, any blatant disregard for the Federal Rules of Civil Procedure and of Orders of this Court should be deterred. Finally, because the Court has already allowed the individual Defendants several occasions to comply with the rules of procedure and with its own Orders, less drastic sanctions would not be effective. Striking the individual Defendants' pleadings and entering default is appropriate.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion to Strike (Document # 55) be granted, the Answer be stricken as to the individual Defendants, and default be entered as to those Defendants.

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

May 7, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**