UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAYS INN WORLDWIDE, INC., formerly known as Days Inn of America, Inc., a Delaware Corporation, | ) ) ) ) | Civil Action No.: 4:08-1771-TLW-TER |
| Plaintiff, | ) ) | |
| -vs- | ) ) ) | **REPORT AND RECOMMENDATION** |
| JBS INC. II, a South Carolina Corporation, JONATHAN B. SMITH, an individual, and MARCI SINGLETON SMITH, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**I.     INTRODUCTION**

Presently before the Court is Plaintiff's Motion for Damages Hearing (Document # 70) as to Defendants Jonathan B. Smith and Marci Singleton Smith. In its Motion, Plaintiff seeks a default judgment against these Defendants. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

Previously, the district judge accepted the undersigned's Report and Recommendation and entered an Order (Document # 66) striking these Defendants' Answer and entering default for their failure to abide by an Order directing them to serve responses to Plaintiff's discovery requests. A hearing on the Motion for Damages was set for February 1, 2011. On January 31, 2011, Plaintiff and Defendants Jonathan B. Smith and JBS, Inc., II[1], filed a Stipulation of Judgment (Document # 80)

---

[1]Plaintiff filed a separate Motion for Damages Hearing (Document # 62) as to Defendant JBS, Inc., II. However, that Motion is now moot in light of the Stipulation of Judgment.

in the amount of $150,000.00. Thus, the present Motion is moot as to Defendant Jonathan B. Smith. The hearing on February 1, 2011, went forward as to Defendant Marci Singleton Smith only. Counsel for Plaintiff was present at the hearing. Defendant Marci Singleton Smith was not present.[2]

## II.     FINDINGS OF FACT

As stated above, an entry of default has already been made pursuant to Rule 55(a), Fed.R.Civ.P. Thus, the undersigned accepts Plaintiff's well-pleaded factual allegations as true. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir.2001) (noting that a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established"). Plaintiff entered into a License Agreement with Defendant JBS, Inc. II (JBS) for the operation of a 79-room guest lodging facility located at 2104 North Ocean Boulevard, Myrtle Beach, South Carolina, 29577. Complaint ¶ 19; License Agreement (attached as Ex. A to the Complaint). JBS was obligated to operate a Days Inn guest lodging facility for a 10-year term, during which time JBS was permitted to use the Days Marks[3] in association with the operation and use of the Facility as part of Plaintiff's franchise system. Id. at ¶ 20. JBS was required to make certain periodic payments to Plaintiff for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees and other fees (collectively, "Continuing Fees"). Id. at ¶ 21. JBS was also required to prepare and submit monthly reports to Plaintiff disclosing, among other things, the amount of gross room

---

[2]Ms. Smith received notice of the hearing from the Court and counsel for Plaintiff stated at the hearing that he had provided notice of the hearing to Ms. Smith as well.

[3]"Days Marks" means various trade names and service marks (which are on the principal register of the United States Patent and Trademark Office), logos, and derivations, of which Plaintiff has the exclusive right to sublicense the use. Complaint ¶ 11.

revenue earned by JBS at the Facility in the preceding month for purposes of establishing the amount of royalties and other Continuing Fees due to Plaintiff. Id. at ¶ 22. JBS agreed to maintain at the Facility accurate financial information relating to the gross room revenue of the Facility and agreed to allow Plaintiff to examine, audit, and make copies of this financial information. Id. at ¶ 23. Plaintiff could terminate the License Agreement, with notice to JBS, for various reasons, including JBS's failure to pay any amount due Plaintiff under the License Agreement, failure to remedy any other default of its obligations or warranties under the License Agreement within thirty days after receipt of written notice from Plaintiff specifying the default and receipt of two or more notices of default under the License Agreement in any one year period, whether or not the defaults were cured. Id. at ¶ 24. The License Agreement specified JBS's obligations in the event of a termination of the License Agreement, including its obligation to immediately cease using all of the Days Marks and to pay liquidated damages to Plaintiff in accordance with a formula specified in the License Agreement. Id. at ¶¶ 25- 26. JBS also agreed to pay all costs and expenses, including attorneys' fees incurred by Plaintiff in enforcing any provision of the License Agreement." Id. at ¶ 27.

Effective as of the date of the License Agreement Defendants Jonathan B. Smith and Marci Singleton Smith provided Plaintiff with a Guarantee of JBS's obligations under the License Agreement. Id. at ¶ 28; Guarantee (attached as Ex. B to the Complaint). Pursuant to the terms of the Guarantee, Jonathan B. Smith and Marci Singleton Smith agreed, among other things, that upon a default by JBS under the License Agreement, they would "immediately make each payment and perform or cause to be performed each obligation of Licensee under the [License] Agreement." Id. at ¶ 29; Guarantee.

By letter dated April 6, 2005, Plaintiff advised JBS that (a) the License Agreement had

expired and would be terminated on July 6, 2005, (b) that it was required to de-identify the Facility in accordance with the post termination obligations under the License Agreement and (c) that it was responsible for payment of all Continuing Fees under the License Agreement through the date of the de-identification process. Id. at ¶ 31; Letter dated April 6, 2005 (attached as Ex. C to the Complaint). Specifically, in the April 6, 2005, letter, Plaintiff advised JBS that (a) it was to immediately discontinue the use of all trade names, service marks, signs and other forms of advertising, and other indicia of operation as a Days Inn facility and to discontinue the use of other materials on the premises effectively to distinguish the same from its former appearance as a Days System facility; (b) all items bearing the Days Marks had to be removed, (c) all signs and any listings in directories and similar guides in which the Facility was identified as a Days Inn had to be changed, and (d) demand was made for all outstanding Continuing Fees through the date of termination. Id. at ¶ 32.

Since the termination of the License Agreement, JBS continued to use the Days Marks without authorization to induce the traveling public to rent guest rooms at the Facility and to rent rooms through, among other things, failure to remove Days signage and continuing to identify the Facility as a Days guest lodging facility. Id. ¶¶ 35-36. By letter dates March 20, 2006, Plaintiff reiterated JBS's post termination obligations under the License agreement, including the requirement that, upon termination, JBS completely de-identify the Facility as a Days Inn. Id. at ¶ 37; Letter dated March 20, 2006 (attached as Ex. D to Complaint). JBS continued to misuse the Days Marks despite receiving notification from Plaintiff to cease and desist from the misuse of the Days Marks. Id. at ¶ 38.

JBS marketed, promoted, and rented rooms at the Facility through the unauthorized used of

the Days Marks and such use caused confusion or mistake among prospective or actual customers, in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a). Id. at ¶ 41. Further, the acts of JBS in marketing, promoting and renting rooms at the Facility, through and with the Days Marks, constitute a false designation of origin, a false and misleading description of fact and a false and misleading representation of fact that caused confusion, or mistake or deception as to the affiliation of JBS's Facility with Plaintiff and caused confusion, mistake or deception to the effect that Plaintiff sponsored or approved of the guest lodging services that JBS provided at the Facility, all in violation of the Lanham Act, 15 U.S.C. § 1125(a). Id. at ¶ 43. Finally, JBS's use of the Days Marks in connection with goods and services at the Facility, after the Days Marks became famous, caused dilution and disparagement of the distinctive quality of the Days Marks and lessened the capacity of the Days Marks to identify and distinguish the goods and services of Plaintiff, all in violation of the Lanham Act, 15 U.S.C. § 1125(c). Id. at ¶ 44. JBS's acts of infringement in violation of the above cited sections of the Lanham Act have inflicted and continue to inflict irreparable harm on Plaintiff. Id. at ¶ 46.

In the Complaint, as to Defendant Marci Singleton Smith, Plaintiff seeks all Continuing Fees due and owing under the License Agreement, together with interest, attorneys' fees and costs of suit and all profits, royalties and other Continuing Fees that should be paid to compensate Plaintiff for the period during which JBS misued the Days Marks and was thereby unjustly enriched, together with interest, attorneys' fees and costs of suit. Id. at Fifth Count.

The facts presented by Plaintiff by way of Affidavits in support of its Motion are undisputed. Plaintiff presents the Affidavit of Suzanne Fenimore, the Senior Manager of Contracts Administration for Plaintiff. Fenimore Aff. ¶ 1. Fenimore avers that Defendants have failed to

comply with their duties and obligations under the January 5, 1993 License Agreement between Plaintiff and JBS and the Guarantee executed by Defendants Jonathan B. Smith and Marci Singleton Smith.  Id. at ¶ 3.  Fenimore further avers that since termination of the License Agreement on July 6, 2005, JBS continued to use the Days Marks until at least May 2, 2007, despite notification from Plaintiff to cease and desist from the misuse of Days Marks.  Id. at ¶¶ 10, 16; Post-Termination Photographs (attached as Ex. 1 to Fennimore Aff.).  Fenimore avers that the amount of Continuing Fees due and owing under the License Agreement is $108,065.21, which is comprised of

    (a)    Royalty Fees–$27,330.49

    (b)    Marketing Fees–$7,443.75

    (c)    Reservation Fees–$11,327.59

    (d)    Commissions–$4,314.18

    (e)    Trip Rewards–$2,002.02

    (f)    Internet Charges–$1,922.50

    (g)    Transaction and Processing Charges–$1,467.60

    (h)    Other Charges–$1,271.49

    (i)    Tax–$7.55 and

    (j)    Finance Charges–$50,978.03.

Id. at ¶ 13.  Fenimore asserts that Plaintiff is entitled to and seeks treble its actual damages, up to $324,195.63, pursuant to the Lanham Act, as well as costs and attorneys' fees.  Id. at ¶¶ 18, 22.  Finally, Fenimore avers that, pursuant to the Guarantee, Jonathan B. Smith and Marci Singleton Smith are personally liable to Plaintiff for these damages.

    Also attached to Plaintiff's Motion is the Affidavit of Thomas William McGee, III, counsel

for Plaintiff. McGee Aff. ¶ 1. McGee avers that Plaintiff has incurred costs in this action of $6.56 for court filing fees and $280.75 for service fees, for total costs of $287.31. Id. at ¶ 6. He further avers that Plaintiff has incurred attorneys' fees in the amount of $19,439.50. Id. at ¶ 8. McGee avers that the above listed costs and attorneys' fees were incurred by Plaintiff in connection with the enforcement of their rights and obligations under the License Agreement and Guarantee. Id. at ¶ 13.

## III.   DISCUSSION

Plaintiff seeks Continuing Fees due and owing under the License Agreement in the amount $108,065.21. It also seeks attorneys' fees and costs totaling $19,726.81. Plaintiff seeks these Continuing Fees and attorneys' fees and costs against Marci Singleton Smith as a result of her obligations under the Guarantee. The undersigned finds that JBS has defaulted on its obligations under the License Agreement and that Jonathan B. Smith and Marci Singleton Smith, jointly and severally, agreed in the Guarantee to immediately make each payment and perform or cause to be performed each obligation of JBS under the License Agreement upon JBS's default. The undersigned also finds that Jonathan B. Smith and Marci Singleton Smith, jointly and severally, agreed in the Guarantee to pay Plaintiff's costs, including attorneys' fees, incurred to enforce its rights against JBS under the License Agreement or under the Guarantee. Thus, it is recommended an award of $108,065.21 plus $19,726.81 is appropriate.

In addition, in its Motion for Damages, Plaintiff seeks up to treble its actual damages under the Lanham Act. 15 U.S.C. § 1117(b). However, Plaintiff does not appear to assert a Lanham Act claim against Marci Singleton Smith in its Complaint.[4] Further, the Guarantee signed by Marci

---

[4] Plaintiff asserts its Lanham Act claim in the First Count of the Complaint. Complaint ¶¶ 39-48. Throughout that Count, the Complaint refers to JBS as the party that has violated the Lanham Act.

Singleton Smith does not appear to obligate her to any statutory damages for which JBS may be liable outside of the License Agreement. Therefore, an award of treble damages under the Lanham Act is not appropriate against Marci Singleton Smith.[5]

## IV.     CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Damages Hearing (Document # 70) be granted as to Defendant Marci Singleton Smith and that default judgment be entered against Defendant Marci Singleton Smith in the amount of $127,792.02.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 7, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[5] In addition, § 1117(b) provides that a court shall award treble damages if a violation consists of intentionally using a mark or designation knowing such mark or designation is a "counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for sale or distribution of goods or services." Plaintiff does not allege in its Complaint or present any facts showing that JBS used a counterfeit mark as that term is defined in § 1116(d).